RAMIRO MORALES, # 167947
rmorales@mfrlegal.com
LAURENCE NEAR, # 178507
lnear@mfrlegal.com
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA  94520
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiff ACCEPTANCE
INDEMNITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCEPTANCE INDEMNITY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>JAMES BRAY dba TEXAS PRIDE TRAILERS,<br><br>            Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff ACCEPTANCE INDEMNITY INSURANCE COMPANY ("Acceptance" or "Plaintiff") alleges as follows:

**JURISDICTION**

1.     This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy, exclusive of interests and costs, exceeds $75,000.

2.     Acceptance is an insurance company organized and existing under the laws of the State of Nebraska, with its principal place of business in North Carolina.

3.     James Bray is a citizen of the United States and a domiciliary of Texas.

/ / /

4. At all times relevant to this action, James Bray was the sole proprietor of a trailer dealership located in Perris, California.

5. In an action styled *Karen Montano et el. v. Texas Pride Trailers, Inc. et al.*, California Superior Court, Orange County, Case No. 30-2017-00913743-CU-PP-CJC ("Underlying Action"), plaintiff Karen Montano alleges that James Bray is and was an individual who was operating a sole proprietorship and doing business as Texas Pride Trailers West Coast Factory Outlet, located in Perris, California, at which he was selling trailers manufactured by defendant Texas Pride Trailers, Inc. The Underlying Action, which is ongoing, alleges that James Bray dba Texas Pride Trailers West Coast Factory Outlet, and others, engaged in conduct that resulted in the death of Ivan Montano.

## VENUE

6. Venue in this district is proper within the meaning of 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the underlying event for which James Bray seeks coverage under the subject Acceptance insurance policy is the Underlying Action, which was filed in the Superior Court of California, Orange County. Further, the subject of the Underlying Action is a wrongful death that took place in Orange County.

## THE ACCEPTANCE POLICY

7. Acceptance issued commercial lines policy no. LB00013085 to James Bray dba Texas Pride Trailers, with a policy period of May 4, 2016 to May 4, 2017 ("Policy"). The Policy contains an each occurrence limit of $1,000,000 and a general aggregate limit of $1,000,000.

8. The Policy provides, in part, as follows:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for 'bodily injury" or "property damage" to which this insurance does not apply. . . .

9. The Policy further provides that "[t]his insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard".

10. Under California law, the products-competed operations hazard is the risk that the product or work, if defective, may cause bodily injury after leaving the insured's hands.

11. The Policy further provides that "[t]his insurance does not apply to any damages arising out of the ownership, maintenance, operation, use, chartering, renting, entrustment to others, or 'loading or unloading" of any auto[.]"

12. The Policy defines "auto" to include "[a] land motor vehicle, trailer, or semitrailer designed for travel on public roads . . . ."

## THE UNDERLYING ACTION

13. The Underlying Action was filed on or about April 10, 2017. The plaintiffs in the Underlying Action are Karen Montano, individually and as successor-in-interest to Ivan Montano; and Karina Montano, individually and as successor-in-interest to Ivan Montano. The defendants in the Underlying Action are Texas Pride Trailers, Inc.; James Bray dba Texas Pride Trailers West Coast Factory Outlet; Florida Hydraulic Industrial Co.; K.T.I. Hydraulics, Inc.; and Bailey International, LLC.

14. The Underlying Action alleges that Ivan Montano purchased a dump style contractor's trailer from James Bray. It avers that Montano was using the trailer

COMPLAINT FOR DECLARATORY RELIEF                                         CASE NO.:

to transport materials, towed the trailer to a landfill in San Juan Capistrano, and after dumping the materials that had been placed in the bed of the trailer, Montano was unable to cause the bed to lower from the raised position because the hydraulic and remote systems were not functioning.

15. The Underlying Action further alleges that Montano was unable to drive away from the landfill with the trailer stuck in the raised position. Montano therefore, according to the Underlying Action, pulled off to the side of the landfill and attempted to release the hydraulic line manually. The Underlying Action claims that the trailer bed came down too fast and Montano was pinned between the trailer bed and the frame and was crushed to death.

16. The Underlying Action states five causes of action: wrongful death (against all defendants); strict products liability-design defect (against all defendants); strict products liability-failure to warn (against all defendants); breach of implied warranties (against Texas Pride Trailers, Inc. and James Bray doing business as Texas Pride Trailers West Coast Factory Outlet); and negligence (against all defendants).

17. On March 8, 2018, counsel for James Bray tendered the Underlying Action.

18. Coverage for the Underlying Action for James Bray under the Policy is barred by the exclusion for bodily injury included within the products-completed operations hazard.

19. Coverage for the Underlying Action for James Bray under the Policy is also barred by the exclusion for damages arising out of the use of any auto, which the Policy explicitly defines as including a trailer.

20. Coverage for the Underlying Action for James Bray under the Policy may be barred on the basis of other provisions of the Policy as well. By setting forth specific exclusions, Acceptance is not waiving the right to rely on other exclusions or on any other provisions of the Policy that bar coverage.

///

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
## DUTY TO DEFEND

21. Acceptance hereby re-alleges and incorporates by reference all of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

22. An actual, present, and justiciable controversy has arisen and now exists between Acceptance, on the one hand, and James Bray on the other, concerning Acceptance's rights, duties, and obligations under the Policy.

23. Acceptance contends that it owes no duty to defend James Bray under the Policy against claims made against James Bray in the Underlying Action.

24. On information and belief, James Bray disputes Acceptance's position and contends that Acceptance has an obligation to defend James Bray in the Underlying Action.

25. Accordingly, an actual controversy presently exists between Acceptance and James Bray regarding whether Acceptance has a duty to defend James Bray in the Underlying Action.

26. Acceptance has no adequate remedy at law to resolve this dispute. Acceptance seeks a judicial resolution of the controversy and a declaration of the following: that Acceptance owes no duty to defend James Bray in the Underlying Action under the Policy.

27. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the rights, duties, and obligations between Acceptance and James Bray may be determined under the provisions of the Policy.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## DUTY TO INDEMNIFY

28. Acceptance hereby re-alleges and incorporates by reference all of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

29. An actual, present, and justiciable controversy has arisen and now exists between Acceptance, on the one hand, and James Bray on the other, concerning Acceptance's rights, duties, and obligations under the Policy.

30. Acceptance contends that it owes no duty to indemnify James Bray under the Policy against damages sought from James Bray in the Underlying Action.

31. On information and belief, James Bray disputes Acceptance's position and contends that Acceptance has an obligation to indemnify James Bray under the Policy against damages sought from James Bray in the Underlying Action.

32. Accordingly, an actual controversy presently exists between Acceptance and James Bray regarding whether Acceptance has a duty to indemnify James Bray against damages sought from James Bray in the Underlying Action.

33. Acceptance has no adequate remedy at law to resolve this dispute. Acceptance seeks a judicial resolution of the controversy and a declaration of the following: that Acceptance owes no duty to indemnify James Bray under the Policy against damages sought from James Bray in the Underlying Action.

34. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the rights, duties, and obligations between Acceptance and James Bray may be determined under the provisions of the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Acceptance prays for judgment as follows:

1. For a declaration of this Court of the following: that Acceptance owes no duty to defend James Bray in the Underlying Action under the Policy.

2. For a declaration of this Court of the following: that Acceptance owes no duty to indemnify James Bray under the Policy against the damages sought from James Bray in the Underlying Action; and

///
///
///

1      3.     For such other and further relief as the Court may deem just and proper.

2   Dated: April 10, 2018          MORALES, FIERRO & REEVES

By */s/ Ramiro Morales*
    RAMIRO MORALES
    LAURENCE S. NEAR
    Attorneys for Plaintiff ACCEPTANCE INDEMNITY INSURANCE COMPANY

COMPLAINT FOR DECLARATORY RELIEF         CASE NO.: